Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5827 | **DATE** | 9/13/2000 |
| **CASE TITLE** | IBJ WHITEHALL BANK & TRUST CO. vs. CORY & ASSOCIATES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Cory's motion for leave to file an amended third-party complaint [88-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 15 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 98 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 00 SEP 14 PM 3:23 | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 15 2000

| | |
|---|---|
| IBJ WHITEHALL BANK & TRUST CO. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzman |
| ) | |
| CORY & ASSOCIATES, INC., ) | 97 C 5827 |
| GREENLEAF MANAGEMENT CO., ) | SEP 15 2000 |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INSURANCE BROKERS SERVICE, INC., ) | |
| and TRAVELERS INDEMNITY ) | |
| INSURANCE CO., MICHAEL J. MAROCCO, ) | |
| HANNAH STONE, ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff IBJ Whitehall Bank & Trust Co. ("IBJW") has sued defendant Cory & Associates, Inc. ("Cory") for its failure to obtain for it sufficient property insurance. Cory has sued Insurance Brokers Service, Inc. ("IBSI") for, among other things, breach of contract, breach of fiduciary duty, negligence, and negligent misrepresentation, and Travelers Indemnity Insurance Co. ("Travelers") for breach of contract and for breach of an agency agreement. Cory now moves pursuant to Fed. R. Civ. P. ("Rule") 15(a) to amend its third-party complaint to add third-party defendants Michael Marocco ("Marocco") and Hannah Stone ("Stone"). For the reasons provided in this Memorandum Opinion and Order, the Court denies Cory's motion.



## Facts

IBJW alleges that Cory failed to obtain adequate insurance for certain property owned by its assignee CCC which was destroyed by Hurricane Marilyn in September 1995. (Am. Compl. ¶ 28.) At all times relevant to the instant action, Marocco and Stone were officers and directors of CCC and its parent, Pan-Caribbean Communication Enterprises, Inc. ("PCCE"). (Proposed Am. Third-Party Compl. ¶¶ 7-8, 65.) They also were either principals of, or employed by, a group of entities referred to as Sandler Partners ("Sandler"), which owned PCCE. (Id. ¶ 65-66.) Marocco and Stone were responsible for returning CCC to normal operations. (Id. ¶ 21.) On April 3, 1996, CCC filed a bankruptcy petition. (Id. ¶ 13.) IBJW made repeated efforts to engage Marocco and Stone in an effort to formulate a plan to return CCC to normal operations. (Id. ¶ 69.) They failed to respond to IBJW which caused significant delay in the start of rebuilding CCC's operations. (Id. ¶ 69.) Cory alleges that Marocco and Stone had sufficient funds available to them through PCCE and Sandler to rebuild CCC's operations, keep its loans and payables current, and avoid bankruptcy. (Id. ¶ 71.)

## Discussion

"Even though Rule 15(a) provides that 'leave shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997). "The opportunity to amend a complaint is futile if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (internal quotation

2

omitted). "This standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)." *Id.*

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept as true all well-pleaded allegations set forth in the complaint. *See Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987). All reasonable inferences to be drawn from those allegations are also accepted as true. *See Nelson v. Monroe Regional Med. Ctr.*, 925 F.2d 1555, 1558 (7th Cir. 1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Cory bases its claim against Marocco and Stone solely on the theory that they owed a fiduciary duty to IBJW. (*See* Cory's Mem. Law Supp. Mot. Am. Third-Party Compl. at 7.) Under New York law, if a corporation is insolvent, its officers and directors are, in effect, trustees of the corporation's assets for the protection of the rights of its creditors. *New York Credit Men's Adjustment Bureau v. Weiss*, 105 N.Y.S.2d 604, 606 (N.Y. App. Div. 1951), *aff'd*, 305 N.Y. 1, 110 N.E.2d 397 (1953).[1] However, although under this specific rule Marocco and Stone might be liable to IBJW and the Bank of Nova Scotia, and under the more general rule, they owe a fiduciary duty to CCC and shareholders of CCC, *see Gray v. Furia Org., Inc.*, 896 F. Supp. 144, 148 (S.D.N.Y. 1995) but Cory has not provided any binding authority stating that directors of an insolvent corporation owe a fiduciary duty to the corporation's insurance broker, and the Court finds none.

---

[1] "Where . . . the parties do not make an issue of choice of law, we have no obligation to make an independent determination of what rule would apply if they had made an issue of the matter." *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993.) Because IBJW states that choice of law does not effect the outcome of the motion to amend the third-party complaint and Cory is silent on the matter, the Court applies New York law.

3

Therefore, because Marocco and Stone owe no fiduciary duty to Cory, the Court denies Cory's motion for leave to file an amended third-party complaint that adds them as third-party defendants.

Cory contends that IBJW seeks to recover damages from Cory due to the financial consequences of the two-year delay that occurred in rebuilding CCC. Cory argues that it is thus "reasonable to allow Cory to explore the possibility that other events and/or parties caused or contributed to the delay in rebuilding [CCC]." (Cory's Mem. Law Supp. Mot. Am. Third-Party Compl. at 6.) Just because the Court finds that Cory does not state a viable claim against Marocco and Stone, however, does not prevent Cory from presenting its argument that CCC failed to mitigate its damages when such issue arises.

## Conclusion

For the forgoing reasons, the Court denies Cory's motion for leave to file an amended third-party complaint [88-1].

**SO ORDERED**      ENTERED: 9/13/00

HON. RONALD A. GUZMAN
**United States Judge**

4