# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5827 | **DATE** | 5/9/2001 |
| **CASE TITLE** | IBJ WHITEHALL BANK & TRUST CO. vs. CORY & ASSOCIATES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER: the Court grants in part and denies in part Travelers' motion to strike [146-1] and grants Travelers' motion for summary judgment [109-1]. All other motions for summary judgment and related motions filed by IBJW, Cory, and IBSI will be taken with the upcoming trial.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 10 2001 date docketed | 184 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IBJ WHITEHALL BANK & TRUST CO. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| CORY & ASSOCIATES, INC., ) | 97 C 5827 |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INSURANCE BROKERS SERVICE, INC., ) | |
| and TRAVELERS INDEMNITY ) | |
| INSURANCE CO., ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff IBJ Whitehall Bank & Trust Co. ("IBJW") has sued defendant Cory & Associates, Inc. ("Cory") for its failure to obtain for it sufficient property insurance. Cory, in turn, has sued Insurance Brokers Service, Inc. ("IBSI") for negligence, breach of fiduciary duty, negligent misrepresentation, and breach of contract, and Travelers Indemnity Insurance Co. ("Travelers") for breach of contract and for its liability under a *respondeat superior* theory for the torts of its alleged agent, IBSI. Travelers now moves pursuant to Fed. R. Civ. P. ("Rule") 56 for summary judgment and to strike certain of Cory's responses to Travelers' LR56.1 statement of facts. For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part Travelers' motion to strike and grants Travelers' motion for summary judgment.

## Travelers' Motion to Strike

Travelers has moved to strike paragraphs 18, 23-27, 29, 33-34, 36, 38, 42, 44, 47-48, and 50-51 of the Response of Cory & Associates, Inc to Travelers' Statement of Facts because Cory's responses in these paragraphs fail to comply with Local General Rule 56.1. That rule requires in part that the party opposing a motion for summary judgment shall file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ." LR56.1(b)(3)(A). Because Cory's responses to paragraphs 18, 23-24, 29, 38, 47-48, and 50 of Travelers' statement of facts fail to include specific references to any affidavit, part of the record or supporting material, the Court grants Travelers' motion to strike them. However, because Cory's responses to paragraphs 25-27, 33-34, 36, 42, 44, 51 include such references, the Court denies Travelers' motion to strike those responses.

## Facts[1]

In August 1995, IBJW and the Bank of Nova Scotia entered into a credit agreement by which they agreed to lend certain funds to Caribbean Communications Corp. ("CCC") relative to its acquisition of cable television systems in St. Thomas and St. John in the U.S. Virgin Islands. (Travelers' LR56.1(a)(3) ¶ 8.) That credit agreement required CCC to obtain certain insurance covering the cable television systems facilities ("facilities"). (*Id.*) CCC, through its management firm, Cyberstar, a Wisconsin partnership, therefore attempted to procure the insurance required. (*Id.*)

---

[1]The following facts are either undisputed by the parties or deemed admitted due to the nonmovant's noncompliance with Local General Rule LR 56.1, which this Court strictly enforces.

Cyberstar requested that defendant/third-party plaintiff Cory, an Illinois corporation, procure insurance coverage for the facilities. (*Id.* ¶ 12.) Cory then retained IBSI to procure such coverage. (*Id.* ¶ 13.) Cory's Vice President of Marketing, Rene Patrick Jean-Baptiste, selected IBSI because Cory "had a relationship with IBS," and a company Jean-Baptiste had known from his past suggested using Bernie Labovitch, an employee of IBS. (*Id.* ¶¶ 14-15.) Jean-Baptiste directed IBSI to secure a quote for insurance from whatever insurance company that IBSI had a relationship with at that time. (*Id.* ¶ 17.)

At all relevant times, IBSI had authorization to submit proposals for insurance to more than forty property insurance carriers, including Travelers. (*Id.* ¶¶ 18, 22-23.) Labovitch testified that IBSI does not have the authority to bind coverage on any proposal for insurance without the respective underwriter's permission. (*Id.* ¶ 28.) Furthermore, retail brokers, such as Cory, know that IBSI does not have authority to bind coverage on any proposal for insurance unless and until the respective underwriter agrees to do so. (*Id.* ¶ 29.)

On June 19, 1995, Labovitch of IBSI asked Jean-Baptiste of Cory certain questions regarding the procurement of insurance coverage for the facilities. (*Id.* ¶ 31.) On June 26, 1995, Travelers tendered a quotation of insurance to IBSI regarding the facilities with, among other things, coverage limits of liability of $2,500,000 part of $5,000,000. (*Id.* ¶ 32.)

On July 27, 1995, Jean-Baptiste of Cory instructed Labovitch of IBSI to procure the policy of insurance based upon IBSI's quotation it had provided to Cory. (*Id.* ¶ 37.) That day, Labovitch notified Travelers that Cory, on behalf of its client, wanted to bind coverage on the terms of Travelers' quote. (*Id.* ¶ 38.) Subsequently, Travelers issued to Cyberstar Policy of Insurance No.

7M251T145-9-95 with effective dates of July 31, 1995 to July 31, 1996 and with limits of liability of $2,500,000. (*Id.* ¶ 46.)

On September 15, 1995, Hurricane Marilyn caused property damage to the facilities. (*Id.* ¶ 49.) Subsequent to that date, Travelers paid to Cyberstar a total of $2,500,000, which is equal to the coverage limits of liability under the policy. (*Id.* ¶ 50.)

## Discussion

Federal Rule of Civil Procedure ("Rule") 56(c) allows the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering the evidence submitted by the parties, we do not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We "must view the facts, and all reasonable inferences drawn therefrom, in a light most favorable to the nonmoving party." *Baron v. City of Highland Park*, 195 F.3d 333, 337 (7th Cir. 1999). If a reasonable jury could not find for the party opposing the motion, it must be granted. *Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1995).

Travelers has moved for summary judgment as to the two remaining claims against it in Cory's Third-Party Complaint: (1) a cause of action for breach of contract (Count VII); and (2) a cause of action for contribution based on allegations of Travelers' *respondeat superior* liability for IBSI's torts (Count IX). The Court addresses each count in turn.

First, Travelers argues that Cory has no standing to sue for breach of the contract between Travelers and the insureds. "In Illinois, there is a strong presumption that the parties to a contract

4

intend the provisions of that contract to apply only to them, and not to third parties." *Caswell v. Zoya Int'l, Inc.*, 274 Ill. App. 3d 1072, 1074, 654 N.E.2d 552, 554 (1st Dist. 1995). "In order for a plaintiff third party to have standing to sue under a contract, '[t]he contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear.'" *Id.*

Travelers argues, and the Court agrees, that Cory has failed to produce evidence that any contract, oral or otherwise (an issue the Court need not decide), between Travelers and the insureds was undertaken for Cory's direct benefit. The record before the Court is devoid of any showing that such was the case. Indeed, Cory had the opportunity under Local Rule LR 56.1(b)(3)(B) to provide additional facts that would require the denial of summary judgment, *i.e.*, specific conduct or contract language that would establish that any agreement between Travelers and the insureds was intended to directly benefit Cory, but unfortunately chose not to do so.

Instead, Cory chose to rely solely on a case which is wholly inapposite. Cory's reliance on *Prince v. Royal Indemnity Co.*, 541 F.2d 646 (7th Cir. 1976), for the proposition that it has standing to sue for breach of contract is misplaced for reasons similar to those stated by Judge Plunkett in his rejection of Cory's reliance on *Prince* in response to Travelers' motion to dismiss Cory's claim for reformation. *See IBJ Schroder Bank & Trust Co. v. Cory & Assocs., Inc.*, No. 97 C 5827, 1998 WL 765057, at *2 (N.D. Ill. Oct. 26, 1998).

Judge Plunkett stated that *Prince* did not hold that third parties like Cory have standing to seek reformation of an insurance policy because reformation was not even discussed by the court in that case. *Id.* "Rather, the holding of that case was that an insured, who had assigned a property insurance policy but failed to obtain the insurer's consent to the assignment, retained an insurable

5

interest in the subject property sufficient to enable it to recover under the policy–an issue not present in this case." *Id.* After a close reading of *Prince*, this Court finds that *Prince* is equally unavailing to Cory in support of its theory that it has standing to sue for breach of a contract between Travelers and the insureds. The facts at issue in *Prince* simply are not present here because Cory is not, and has never claimed to be, an insured under the policy. Therefore, because the Court finds that Cory has no standing to sue for breach of contract, the Court grants Travelers' motion for summary judgment as to Count VII of the Third Party Complaint.

Second, Travelers argues that Cory has failed to establish a genuine issue as to a material fact regarding its cause of action for contribution based on Travelers' alleged *respondeat superior* liability for the torts of its purported agent, IBSI.

"Although the question whether an insurance broker is the agent of the insured or the insurer is generally one of fact, when the evidence clearly shows that the broker is the agent of the insured, it becomes a matter of law." *Lazarra v. Howard A. Esser, Inc.*, 802 F.2d 260, 264 (7th Cir. 1986). Illinois courts have defined an insurance broker as:

> [O]ne who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment from any special company, but, having secured an order, places the insurance with the company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker.

*Galiher v. Spates*, 262 N.E.2d 626, 628 (4th Dist. 1970); *see, e.g., City of Chicago v. Barnett*, 88 N.E.2d 477, 481 (Ill. 1949). An insurance agent, on the other hand, has an exclusive, fixed, and permanent relationship to an insurance company that the agent represents and has certain duties and allegiances to that company. *See Roby v. Decatur Steel Erectors, Inc.*, 375 N.E.2d 1355, 1359 (4th Dist. 1978); *Galiher*, 262 N.E.2d at 628. Illinois courts have applied a four-part test to determine

6

whether an intermediary is an agent or broker and whether the intermediary is acting on behalf of the insured, the insurer, or both: (1) who called the intermediary into action; (2) who controls its actions; (3) who pays the intermediary[2] and (4) whose interests the intermediary represented. *See Roby*, 375 N.E.2d at 1359.

The undisputed facts before the Court establish that IBSI was not an agent of Travelers. First, it was Cory, on behalf of the owners of the facilities, who selected IBSI and called IBSI into action. (Travelers' LR56.1(a)(3) ¶¶ 14-15, 17.) Second, at all relevant times, including July 27, 1995, it was Jean-Baptiste of Cory, on behalf of the insureds, who controlled the actions of Labovitch of IBSI, by directing IBSI to attempt to secure a quote for insurance from whatever insurance companies that IBSI had a relationship with at the time and ordering IBSI to procure the policy of insurance based upon IBSI's own quotation it had provided to Cory. (*Id.* ¶ 37.) Third, it is clear that IBSI represented the interests of Cory on the insureds' behalf and not Travelers because IBSI had authorization to submit proposals for insurance to more than forty property insurance carriers. (*Id.* ¶ 18.) According to Cory, IBSI and Travelers had no broker agreement for primary insurance. (Cory's LR56.1(b)(3)(A) ¶¶ 25-27.) Accordingly, IBSI did not have an exclusive, fixed, and permanent relationship to Travelers. Further, it is undisputed that Labovitch testified that IBSI did not have the authority to bind coverage on any proposal for insurance unless the respective underwriter agreed to make a quotation upon that proposal. (Travelers' LR56.1(a)(3) ¶ 29.)

---

[2] The issue of who pays the commission is not given weight. Illinois law permits insurers to pay brokers. *See Browder v. Hanley Dawson Cadillac Co.*, 379 N.E.2d 1206, 1212 (1st Dist. 1978) (holding that insurance broker is fiduciary of insured even though broker deducts commission from premiums). As such, most courts do not consider this fact when determining whether a person is a broker or an agent. The Court thus gives this factor very little weight.

Therefore, the Court holds as a matter of law that IBSI merely acted as an insurance broker, and not as Travelers' agent, in its dealings between Cory and Travelers.

Furthermore, Cory has not established a genuine issue as to whether apparent authority existed. "Under the doctrine, a principal will be bound not only by the authority that it actually gives to another, but also by the authority that it appears to give." *Petrovich v. Share Health Plan of Ill., Inc.*, 188 Ill. 2d 17, 31, 719 N.E.2d 756, 765 (Ill. 1999). "Apparent authority arises where a principal creates, through words or conduct, the reasonable impression that the putative agent has been granted authority to perform certain acts." *State Sec. Ins. Co. v. Burgos*, 145 Ill. 2d 423, 431, 583 N.E.2d 547, 551 (Ill. 1991).

Cory cannot establish that Travelers has appeared to give IBSI authority to bind coverage because Cory has admitted that retail brokers, such as Cory, know that IBSI does not have authority to bind coverage on any proposal for insurance unless and until the respective underwriter agrees to do so. (Travelers' LR56.1(a)(3) ¶ 29.) It is also undisputed that the property insurance binder issued by Travelers on or about July 27, 1995 regarding the facilities reflects, among other things, coverage limits of liability in the amount of $2,500,000. (*Id.* ¶ 40.) Thus, because Cory knew that IBSI had no authority to bind coverage on Travelers' proposal for insurance, Travelers clearly did not create a reasonable impression that IBSI had been granted authority to do so.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Travelers' motion to strike [docket no. 146-1] and grants Travelers' motion for summary judgment [docket no. 109-1]. All other motions for summary judgment and related motions filed by IBJW, Cory, and IBSI will be taken with the upcoming trial.

**SO ORDERED**  ENTERED: 5/9/01

HON. RONALD A. GUZMAN
United States Judge