Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5827 | **DATE** | 6/1/2001 |
| **CASE TITLE** | IBJ WHITEHALL BANK & TRUST CO. vs. CORY & ASSOCIATES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, the Court grants in part and denies in part IBSI's motion to dismiss [docket no. 190-1] the Third-Party Complaint. The Court grants the motion as to Counts I, II, and III. The Court denies the motion as to Counts IV and V. The Court takes IBSI's motion to identify issues for decision for trial [190-2] under advisement and will consider such motion in conjunction with IBSI's pending motion regarding reasonableness of the settlement amount [189-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUN 0 6 2000 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUN -5 AM 9:13 | 6/5/01 date mailed notice |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | G mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **IBJ WHITEHALL BANK & TRUST CO.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | 97 C 5827 |
| **CORY & ASSOCIATES, INC.,** ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **INSURANCE BROKERS SERVICE, INC.,** ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff IBJ Whitehall Bank & Trust Co. ("IBJW") has sued defendant Cory & Associates, Inc. ("Cory") for its failure to obtain for it sufficient property insurance. Cory, in turn, has sued Insurance Brokers Service, Inc. ("IBSI") for negligence, breach of fiduciary duty, negligent misrepresentation, and breach of contract. On the eve of trial, IBJW and Cory entered into a settlement agreement. Before the Court is IBSI's motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) or in the alternative to identify issues for decision for trial. For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part IBSI's motion to dismiss. The Court takes IBSI's motion to identify issues for decision for trial under advisement and will consider such motion in conjunction with IBSI's pending motion regarding the reasonableness of the settlement amount.

## FACTS

Prior to July 31, 1995, Cory requested IBSI to procure certain insurance coverage with Travelers naming Caribbean Communications Corp. ("CCC") as the insured. (Third Party Compl. ¶ 7.) In exchange for a commission, IBSI contract with Cory to procure an insurance policy naming CCC as an insured for "BLANKET PROPERTY-ALL RISK INCL. FLOOD/EQ" with a coverage limit of $7,667,000. (*Id.* ¶¶ 8, 42.) In September 1995, Hurricane Marilyn destroyed insured property owned by CCC and interrupted its normal business operations causing economic loss. (*Id.* ¶ 9.) The insurance issued by Travelers to CCC was inadequate to cover losses caused by Hurricane Marilyn. (*Id.* ¶ 10.) IBSI failed to advise Cory or CCC prior to the Hurricane Marilyn loss that it had failed to procure or place the requested coverage or that it had instead obtained a policy with limits which Travelers claims is in the amount of $2,500,000.00. (*Id.* ¶ 20.) CCC subsequently filed for bankruptcy and assigned to IBJW its claims for failure to procure adequate insurance. (*Id.* ¶ 11.) As part of the settlement agreement between Cory and IBJW, dated May 18, 2001, Cory assigned IBJW all of its claims against IBSI asserted in this lawsuit.[1]

---

[1] "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question.'" *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting FED. R. EVID. 201(b)). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Id.*

The Court takes judicial notice of the settlement agreement between Cory and IBJW which was filed in the pending litigation. For purposes of IBSI's motion to dismiss, the Court merely takes judicial notice of the fact that Cory and IBJW's settlement agreement, dated May 18, 2001, provides that the settlement amount of $20,367,519.00 will be satisfied, in pertinent part, as follows: (1) Cory will pay $4,000,000.00 to IBJW and (2) Cory will assign IBJW all of its claims against IBSI asserted in the lawsuit. (IBJW's Mem. Law Re: Issues Raised Final Pretrial Conf., Ex. B.) Such facts are not subject to reasonable dispute and are capable of accurate and ready determination by resort to the plain language of IBJW and Cory's written settlement agreement, which neither party to the

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept as true all well-pleaded allegations set forth in the complaint. *See Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987). All reasonable inferences to be drawn from those allegations are also accepted as true. *See Nelson v. Monroe Regional Med. Ctr.*, 925 F.2d 1555, 1558 (7th Cir. 1991). Dismissal is only justified when the allegations of the complaint itself clearly indicate that plaintiff does not have a claim upon which relief can be granted. *See American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986). Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

IBSI argues that the Illinois Joint Tortfeasor Contribution Act, 740 ILL. COMP. STAT. 100/2(e), bars Count I (Contribution - Negligence) and Count III (Contribution - Negligent Misrepresentation) of Cory's Third-Party Complaint. IBJW (having been assigned by Cory all of Cory's claims against IBSI as part of the settlement agreement) in its initial brief apparently concedes this point and in its subsequent brief avers that it is declining to pursue Counts I and III for various reasons. There being no controversy regarding Counts I and III, the Court dismisses those counts with prejudice.

IBSI also argues that the same statutory provision bars Count II of the Third-Party Complaint in which Cory alleges that IBSI is liable for contribution for breach of fiduciary duty to CCC and

---

settlement disputes.

IBJW. IBSI is incorrect because 740 ILL. COMP. STAT. 100/2(e) merely bars contribution claims against tortfeasors in certain specified situations. *See* 740 ILL. COMP. STAT. 100/2(e). However, the act is inapplicable to claims for breach of fiduciary duty because such claims are not tort claims. *St. Paul Fire & Marine Ins. Co. v. Great Lakes Turnings, Ltd.*, 774 F. Supp. 485, 488 (N.D. Ill. 1991). Instead, such claims are controlled by the laws of agency, contract, and equity. *Kinzer v. City of Chicago*, 128 Ill. 2d 437, 445, 539 N.E.2d 1216, 1220 (1989).

However, the fact that 740 ILL. COMP. STAT. 100/2(e) does not bar Count II does not save it from being dismissed because the Insurance Placement Liability Act ("IIPA") bars the action. Of course, IBJW argues to the contrary. Although IBJW argues that IBSI has waived this argument, the Court disagrees. As IBSI correctly notes, a "defense of failure to state a claim upon which relief can be granted . . . may be made . . . by motion for judgment on the pleadings, or at the trial on the merits." FED. R. CIV. P. 12(h)(2). Accordingly, the Court finds that it is entirely proper for IBSI to argue that the Third-Party Complaint fails to state a claim, even if it is at this late stage in the litigation.

The pertinent provision of the IIPA states:

> No cause of action brought by any person or entity against any insurance producer . . . concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer . . . to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer . . . of any money that was received as premiums, as a premium deposit, or as payment of a claim.

735 ILL. COMP. STAT. 5/2-2201(b) (West Supp. 2000). This statutory provision became effective as of January 1, 1997. *See id.* "The crucial date for determining the applicability of a statute is not

when the rights are asserted by filing a complaint, but rather when the cause of action accrues." *Royal Imperial Group, Inc. v. Joseph Blumberg & Assocs., Inc.*, 240 Ill. App. 3d 360, 364, 608 N.E.2d 178, 180 (1st Dist. 1992).[2]

IBJW argues that Cory's indemnity claim against IBSI for its breach of fiduciary duty to IBJW and CCC accrued when Cory discovered IBSI's allegedly wrongful conduct in 1995. However, under Illinois law, "the cause of action for an implied contract of indemnity does not accrue until the defendant has a judgment entered against him or until he settles the claim made against him." *Anixter Bros., Inc. v. Central Steel & Wire Co.*, 123 Ill. App. 3d 947, 953, 463 N.E.2d, 913, 917-18 (1st Dist. 1984).

Therefore, Count II, Cory's indemnity claim regarding IBSI's breach of fiduciary duty accrued on May 18, 2001, when Cory and IBJW reached the settlement agreement thereby resolving IBJW's claims against Cory. Because 735 ILL. COMP. STAT. 5/2-2201(b) was effective at that time and acts to bar such a contribution claim based on a breach of fiduciary duty, the Court dismisses Count II with prejudice. Because the IIPA was in effect when the cause of action accrued, the Court rejects IBJW's arguments that its claims in Count II are being abrogated by retroactive application of the IIPA.

---

[2] The Court finds IBJW's reliance on *Verson Allsteel Press Co. v. Major Spring & Mfg. Co.*, 105 Ill. App. 3d 419, 434 N.E.2d 456 (1st Dist. 1982), unavailing because the *Verson* court merely interpreted the following language in the Illinois contribution statute: "This Act applies to causes of action *arising on or after* March 1, 1978." 740 ILL. COMP. STAT. 100/1 (emphasis added). However, in contrast to the contribution statute, the IIPA lacks such "arising on or after" language. Therefore, the Court finds no basis for applying any "arising" requirement in its determination of when the cause of action in Count II accrued for purposes of the IIPA.

IBSI argues that for the same reason, Count IV in which Cory alleges that IBSI is liable to Cory for breach of the fiduciary duty it owed to Cory is also barred by the IIPA. However, unlike Count II, as the Court reads the Third-Party Complaint, the crux of Count IV is based on IBSI's liability to Cory for IBSI's breach of its fiduciary duty to Cory and not merely on IBSI's liability to Cory for indemnification. (*See* Third-Party Compl. ¶¶ 37-39.) Accordingly, the general rule for accrual of actions applies. "The general rule is that a cause of action accrues when all the elements are present so that a party has the right to invoke the aid of a court to enforce his remedy." *Draper v. Frontier Ins. Co.*, 265 Ill. App. 3d 739, 744, 638 N.E.2d 1176, 1180 (2d Dist. 1994). The elements of a cause of action for breach of fiduciary duty are: (1) "a fiduciary duty exists," (2) "the fiduciary duty was breached," and (3) "such breach proximately caused the injury of which the plaintiff complains." *Neade v. Portes*, 193 Ill. 2d 433, 444, 739 N.E.2d 496, 502 (Ill. 2000).

In the Third-Party Complaint, Cory alleges: (1) Cory requested IBSI to procure certain insurance coverages with Travelers naming CCC as the insured (Third-Party Compl. ¶ 7); (2) when IBSI agreed to place insurance coverage, IBSI entered into a fiduciary relationship with Cory (*id.* ¶ 37); (3) in September 1995, Hurricane Marilyn destroyed insured property owned by CCC and interrupted normal business operations causing economic loss (*id.* ¶ 9); (4) the insurance procured by IBSI from Travelers was inadequate to cover that loss (*id.* ¶ 10); (5) by obtaining a policy with incorrect and inadequate limits and failing to promptly notify Cory of that fact, IBSI breached its fiduciary duty to Cory (*id.* ¶ 39). Accepting as true, as we must, all well-pleaded allegations set forth in the complaint and all reasonable inferences to be drawn from those allegations, the Court cannot determine on the present motion the date on which Cory's cause of action for breach of fiduciary duty in Count IV accrued. Therefore, the Court denies IBSI's motion to dismiss Count IV. Further,

the Court denies IBSI's motion to dismiss Count IV based on "absence of proof" which is an inappropriate ground for a motion to dismiss.

Lastly, the Court rejects IBSI's argument that Count V, which alleges that IBSI is liable for breach of contract, should be dismissed due to "absence of proof." As noted above, such an argument is inappropriate ground for a motion to dismiss. Further, contrary to IBSI's assertions, viewed in light of the liberal notice pleading standards of the Federal Rules of Civil Procedure, Count V plainly seeks to recover all of Cory's losses suffered as a result of IBSI's breach of contract, which includes recovery for implied indemnification. (*See* Third-Party Compl., Count V (stating "defendant/third-party plaintiff herein prays that judgement be entered in its favor and against Insurance Brokers Service, Inc., in an amount to be proven at trial which will fully compensate Cory for the damages suffered as a result of IBSI's breach.")) Given all of the facts alleged in the Third-Party Complaint, it cannot be seriously contended that IBSI had no notice that Cory sought to hold IBSI liable for breach of contract and for implied indemnification based on that breach. Therefore, the Court denies IBSI's motion to dismiss Count V.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part IBSI's motion to dismiss [docket no. 190-1] the Third-Party Complaint. The Court grants the motion as to Counts I, II, and III. The Court denies the motion as to Counts IV and V. The Court takes IBSI's motion to identify issues for decision for trial [190-2] under advisement and will consider such motion in conjunction with IBSI's pending motion regarding reasonableness of the settlement amount [189-1].

**SO ORDERED**

ENTERED: 6/1/07

HON. RONALD A. GUZMAN
United States Judge