Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5827 | **DATE** | 1/10/2005 |
| **CASE TITLE** | Mizuho Corporate Bank vs. Cory & Associates, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, defendant Swett & Crawford of Illinois, Inc.'s motion for summary judgment [290-1] is granted, terminating the case. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TSA

Date/time received in central Clerk's Office

JAN 1 0 2005 date docketed

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MIZUHO CORPORATE BANK (USA), )
(f/k/a IBJ Whitehall Bank & Trust )
Company), )
                                                  )
            Plaintiff,         ) No. 97 C 5827
                                                  )
            v.                    ) Wayne R. Andersen
                                                  ) District Judge
CORY & ASSOCIATES, INC., )
                                                  )
            Defendant/Third-Party )
            Plaintiff, )
                                                  )
            v. )
SWETT & CRAWFORD OF )
ILLINOIS, INC. (f/k/a INSURANCE )
BROKERS SERVICE, INC.), )
            Third-Party Defendant. )

DOCKETED
JAN 1 0 2005

## MEMORANDUM, OPINION AND ORDER

This case is before the court on remand from the Seventh Circuit Court of Appeals, 341 F.3d 644 (2003), which includes a full discussion of the case. The Court of Appeals' remand requires this court to adjudicate only Count IV of the third-party complaint originally filed by Cory & Associates, Inc. ("Cory") against Swett & Crawford of Illinois, Inc. (formally Insurance Brokers Service, Inc.) ("Swett"). Through settlement, Cory has assigned all claims against Swett to plaintiff Mizuho Corporate Bank (USA) (formerly IBJ Schroder Bank, later IBJ Whitehall Bank and Trust) ("IBJW").

Third-party defendant Swett now has filed a motion for summary judgment on Count IV, the only remaining count brought by plaintiff IBJW on the assigned claims of third-party plaintiff

Cory. Swett contends that the claim against it is barred by the applicable Illinois two-year statue of limitations pursuant to 735 ILCS § 5/13-214.4. For the reasons below, we grant summary judgment.

## STATEMENT OF FACTS

This suit arose out of a dispute involving an alleged miscommunication about insurance coverage. Caribbean Communications Corporation ("CCC") had purchased property insurance for its newly acquired television cable operations in the Virgin Islands. IBJW, as a lender to CCC, was to be an additional insured. IBJW hired Cory as the retail insurance broker to obtain the required insurance. In turn, Cory hired Swett, an insurance producer providing wholesale broker services, to obtain the necessary insurance. Cory expected Swett to procure an insurance policy naming CCC as an insured for "BLANKET PROPERTY-ALL RISK. FLOOD/EQ" with a coverage limit of $7,667,000. Instead, Swett obtained a policy from Travelers Insurance with a coverage limit of only $2,500,000.

Shortly thereafter on September 15, 1995, before Travelers had issued the actual insurance policy, Hurricane Marilyn struck the Virgin Islands and substantially damaged CCC's property. A letter written by Cory, dated September 26, 1995, informed CCC and IBJW of the discrepancy in the insurance coverage obtained from Travelers. From that time forward, CCC and IBJW asserted that Cory was liable for the shortfall. CCC subsequently filed for bankruptcy and assigned IBJW its claims against Cory for failure to procure adequate insurance. In the months that followed, Cory gave notice to its own malpractice insurer and began incurring attorneys' fees because of the claims. By the fall of 1995, Cory knew of the insurance deficiency,

knew claims were being asserted against it, knew it was incurring attorneys' fees and knew that Swett was the broker source of the $2,500,000 in coverage figure Cory believed was in error.

In August 1997, IBJW filed suit against Cory on behalf of all lender banks as assignee of CCC, claiming negligence, breach of fiduciary duty, breach of contract, and negligent misrepresentation. In turn, Cory filed its third-party complaint against Swett and Travelers on April 1,1998. On May 18, 2001, the eve of trial, IBJW and Cory reached a settlement. The settlement called for IBJW to drop all claims against Cory and for Cory to assign its claims against Swett to IBJW. The third-party complaint, then between IBJW and Swett, went to trial on Counts IV and V. The jury found Swett liable on Count IV but not liable on Count V.

On appeal, Swett argued that the Illinois Insurance Placement Liability Act, 735 ILCS §5/2-2201, barred the action. That Act took effect on January 1, 1997, and Swett believed that the statute relieved it from "civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship . . . ." 735 ILCS 5/2-2201(b). A fundamental issue for the Seventh Circuit was: When did the cause of action alleged in Count IV accrue? The Seventh Circuit recognized that, if Count IV is an indemnity claim, it accrued at the time of the IBJW/Cory settlement in May 2001, and the Insurance Placement Liability Act might bar the fiduciary duty claim of Count IV. However, if Count IV is a straight breach of fiduciary duty action that accrued in the fall of 1995, as IBJW contended, then the Insurance Placement Liability Act would have no applicability because it was not yet effective. The Seventh Circuit determined that Count IV is a simple breach of fiduciary duty claim that accrued in the fall of 1995, and therefore, that the Act did not apply.

The case then was remanded to the district court for a new trial. We subsequently granted Swett's motion to amend its answer to include a statute of limitations affirmative defense. IBJW now asserts that Swett has waived or should be estopped from asserting a statute of limitations defense.

## DISCUSSION

### I. Standard For Summary Judgement

A court may award summary judgement to the moving party when there is no genuine issue of material fact and the movant is entitled to judgement as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only when a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). The movant "can prevail just by showing that the other party has no evidence on an issue which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). In considering the motion, all reasonable inferences must be drawn in favor of the non-moving party. *See, e.g. Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Bailor v. Salvation Army*, 51 F.3d 678, 681 (7th Cir. 1995). However, the party opposing the motion may not avoid summary judgement by resting upon the mere allegations of the pleadings, but instead must come forward with specific evidence showing that there is a genuine issue for trial. *Bank Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991).

### II. The Statute Of Limitations Has Run.

IBJW does not dispute that Count IV was filed more than two years after Hurricane Marilyn damaged CCC's property. Illinois' applicable statute of limitations, 735 ILCS § 5/13-214.4, states:

> Actions against insurance producers, limited insurance representatives, and registered firms. All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues.

Summary judgement is properly granted on the basis of a statute of limitations defense if (1) the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exists no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor. *Green v. United States*, 765 F.2d 105, 107 (7th Cir. 1985).

According to the Seventh Circuit, Cory's claim accrued at the time of the hurricane in the fall of 1995. Cory brought its third-party complaint against Swett on April 1, 1998. Thus, the cause of action accrued more than two years before the third-party complaint was filed. Therefore, there exist no genuine issues of material fact regarding the time at which IBJW's claim accrued and the application of the statute of limitations. Cory, however, argues that the statute of limitations should not apply in this case.

## III. Swett Did Not Waive Its Right To Assert A Statue Of Limitations Defense.

### A. Swett's motion to amend its answer was timely filed.

Cory argues that Swett is estopped from asserting a statute of limitations defense because Swett waited five years to amend its answer. Delay alone, however, does not justify denial of a defendant's motion for leave to amend its answer. *Tamari v. Bache & Co.*, 838 F.2d 904 (7th Cir. 1988). According to *Tamari*, the principle that delay *per se* is not a bar is established "in a number of cases, based on the liberal amendment requirements of Rule 15 . . . ." *Id.* at 909.

5

*Tamari* holds that extreme delays can be prejudicial in some cases if granting leave to amend will "by further delaying the lawsuit, impair the public interest in the prompt resolution of legal disputes." *Id.* That possibility does not apply to this situation since the amendment here will shorten rather than lengthen the litigation.

Similarly, in *King v. Cooke,* 26 F.3d 720 (7th Cir. 1994), the Court of Appeals for the Seventh Circuit stated that "delay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay." *Id.* at 723. In *King*, the plaintiff contended important evidence had gone stale and he was unable to locate witnesses. *Id.* Unlike in *King*, here there is no showing that the mere passage of time itself caused any such prejudice, such as lost evidence or failed memories.

**B.    Swett's delay was reasonable in light of the circumstances surrounding the case.**

The confusion surrounding Count IV made the delay in asserting a statute of limitations defense reasonable. While Cory titled Count IV as a breach of fiduciary duty claim, IBJW itself repeatedly agreed post-settlement that such a claim was based on indemnity principles. Subsequent to the settlement, IBJW twice represented in writing that Cory's third-party claims essentially sought indemnification and contribution from Swett. In its opinion, the Seventh Circuit acknowledged that during the trial, the district court characterized Count IV as a claim for breach of fiduciary duty that involved "an indemnification type of relationship." *Mizuho Corporate Bank (USA) v. Cory & Associates, Inc.*, 341 F.3d at 650. The Seventh Circuit further recognized that in sustaining the settlement, the district court also applied indemnity insurance principles to Count IV. *Id.*; *see also IBJ Whitehall Bank & Trust Co. v. Cory & Associates, Inc.,*

6

2001 WL 667816, at *2 (N.D. Ill. Jun. 7, 2001). Thus, given the pronouncements from IBJW, Cory and the district court, Swett reasonably understood Count IV to be an indemnification claim not subject to a statute of limitations defense.

On appeal, however, the Seventh Circuit rejected IBJW's argument, overturned the district court's reliance on the indemnification cases and concluded that Count IV is a breach of fiduciary duty claim that accrued in the fall of 1995. After the Seventh Circuit held that Count IV was not a claim for indemnification, upon remand to the district court, Swett promptly filed a motion to amend its answer. It did so before any substantive proceedings and even before IBJW proffered the necessary amendments to its pleadings to be able to proceed at all. Swett thus acted on a timely basis, was permitted to interpose its statute of limitations defense, and now prevails on summary judgment.

## CONCLUSION

For all of the foregoing reasons, defendant Swett & Crawford of Illinois, Inc.'s motion for summary judgement is granted, terminating the case. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 10, 2005